IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00415-MEH

THE WESTERN SUGAR COOPERATIVE, a Colorado Cooperative Corporation,

    Plaintiff,

v.

AVENTINE RENEWABLE ENERGY, INC., a Delaware Corporation,

    Defendant.

_____

**STIPULATED PROTECTIVE ORDER**
_____

Based on the stipulation of the parties, and for good cause shown, the Court hereby enters the following Stipulated Protective Order:

1.    This Stipulated Protective Order shall govern all information, answers, documents, testimony, and other discovery materials produced by any party to the above-entitled action in response to any discovery request made pursuant to the Federal Rules of Civil Procedure or by agreement of counsel.

2.    Whenever, in the good faith belief of any party to this action, information, written discovery answers, documents, testimony, or other discovery materials would reveal information that such party ("the designating party") considers to be the type intentionally not to be made available to the general public, including, but not limited to, trade secrets, know-how, proprietary data and/or other technical, commercial, business, or financial information typically treated as

being of a confidential nature, the designating party shall have the right to designate such information as **"CONFIDENTIAL".**

3. As used in this Order, the term "CONFIDENTIAL INFORMATION" includes all information that is designated as "CONFIDENTIAL".

4. The party to whom CONFIDENTIAL INFORMATION is disclosed (the "<u>receiving party</u>") and its attorneys shall maintain the CONFIDENTIAL INFORMATION pursuant to the terms of this Stipulated Protective Order. In determining the scope of information which a party may designate as CONFIDENTIAL, each party acknowledges the importance of client access to all information material to client decision-making in the prosecution or defense of this litigation, and therefore agrees that designations of information as CONFIDENTIAL INFORMATION and responses to requests to permit further disclosure of CONFIDENTIAL INFORMATION shall be made in good faith and (1) not to impose burden or delay on an opposing party, (2) not for tactical or other advantage in litigation, and (3) not in order to avoid embarrassment. Further, each party agrees to use its best efforts to avoid as much as possible the inclusion of CONFIDENTIAL INFORMATION in briefs and other captioned documents filed in court, in order to minimize sealing and designating such documents.

5. The designation of CONFIDENTIAL INFORMATION shall be made by marking each page of a document wherein such CONFIDENTIAL material is contained with the word "CONFIDENTIAL". Any document, answer to an interrogatory, answer to request for admissions, or any portion of any deposition transcript, containing a designation of "CONFIDENTIAL", and any copies, summaries, charts or notes made therefrom, shall be deemed to be so and treated as such pursuant to the terms of this Stipulated Protective Order. Upon request made in good faith in connection with a bona fide dispute about the designation of

a specific document as Confidential, or in connection with anticipated filing of a specific document in court, the designating party shall designate specific portions of the document that are confidential, or produce a copy of the document with the confidential portions redacted.

## DISCLOSURE OF CONFIDENTIAL MATERIAL

6.  Material designated as CONFIDENTIAL may, for the purpose of this action, be disclosed to (i) the Court, (ii) any court reporters before whom deposition or other proceedings in this action are conducted, (iii) outside counsel and in-house counsel for the parties, including such attorneys' stenographic, paralegal, clerical, and other employees who have direct, functional responsibility for the preparation and trial of these actions or any appeal therefrom, (iv) the parties, including present and former employees of the parties, (v) any fact witnesses in connection with preparation for or giving of his or her potential testimony in this action, and counsel for such witnesses, (vi) expert witnesses or consultants employed in connection with these actions, including those working under the direct supervision of such expert witnesses or consultants, (vii) mediators and arbitrators for this action, (viii) litigation support services, including outside copying services or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party or its counsel for the purpose of assisting that party in this action (provided that the party who retains the service provider takes reasonable steps to protect confidentiality), (ix) representatives of insurance carriers providing a defense or indemnity to any of the parties, and (x) participants in mock trial or mock jury exercises.  Disclosure to former employees, fact witnesses, expert witnesses or consultants, insurance carrier representatives, and participants in mock jury/mock trial exercises shall be made only in accordance with the following procedure:

>Prior to disclosure of CONFIDENTIAL INFORMATION to any individual, the attorney making the disclosure shall advise that individual that, pursuant to this Stipulated Protective Order, such individual may not divulge the CONFIDENTIAL INFORMATION to any other person, and such individual shall execute a written confidentiality agreement in the form annexed hereto as Attachment A. Each original, executed confidentiality agreement shall be maintained in the files of the receiving party. Subject to applicable privileges, copies of the signed confidentiality agreements shall be available for review by all counsel and parties upon reasonable notice. Absent compliance with these conditions, no disclosure shall be permitted, unless otherwise ordered by the Court.

Review of CONFIDENTIAL INFORMATION by any testifying expert and/or consulting expert shall not (i) affect his/her expert status, (ii) expand the scope of expert discovery beyond that provided in the Federal Rules of Civil Procedure, or (iii) unilaterally convert a consulting-only expert into a testifying expert.

7. If a Party asserts confidentiality with respect to all or any portion of deposition testimony and/or deposition exhibits, the party asserting such confidentiality shall, during the deposition or within 21 days after receipt of any transcript of the deposition, designate with specificity the portions of the deposition testimony and/or deposition exhibits with respect to which confidentiality is asserted. Until 21 days after receipt of any transcript of the deposition by counsel for the Parties, the testimony, transcript, and exhibits from the deposition shall be treated as CONFIDENTIAL in their entirety. Any objection to, or dispute arising from such designation, shall be governed by and handled in accordance with paragraph 9.

8. Use of all CONFIDENTIAL INFORMATION designated pursuant to this Stipulated Protective Order shall be limited to the within action and such material shall not be used in connection with any other actions or for any purpose unrelated to this action. The provisions of this Stipulated Protective Order, however, shall not apply to a designating party's own use of such material designated as CONFIDENTIAL by such party.

9. A party may object at any time to the propriety of the designation of material as CONFIDENTIAL by giving written notice to counsel for the designating party. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the designating party to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL under the terms of this Stipulated Protective Order and shall not thereafter be treated as CONFIDENTIAL in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the designating party shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. If filed with the Court in paper form, all portions of transcripts of deposition, exhibits, answers to interrogatories, answers to requests for admission, and other documents, tangible things and materials, including motion papers or briefs filed with the Court, which contain or refer to material designated as CONFIDENTIAL, shall be filed in sealed envelopes

that are marked with the caption in this action, and a statement substantially in the following form:

**CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER**

THIS ENVELOPE CONTAINS CONFIDENTIAL DOCUMENTS THAT ARE FILED PURSUANT TO THE PROTECTIVE ORDER IN THIS CASE, DATED _____. THESE DOCUMENTS MAY BE VIEWED ONLY BY THE PARTIES, THEIR ATTORNEYS, AND COURT PERSONNEL.

11. Upon settlement and/or final disposition of this action, including all appeals therefrom, counsel for each receiving party shall assemble and either destroy or return to counsel for the designating party to the extent permitted by applicable law all CONFIDENTIAL INFORMATION (including all copies, extracts, abstracts, charts and summaries of such material, whether written or otherwise recorded) in the receiving party's possession and in the possession of third parties under the receiving party's control; provided however, this requirement does not apply to any such documents filed with any court or neutral arbitrator to which such documents were provided.  If the receiving party elects to destroy any of the documents (including all copies, extracts, abstracts, charts and summaries thereof), that party shall certify in writing to the designating party that it has done so, and shall certify that it retains no such documents, including all copies, extracts, abstracts, charts and summaries thereof.

12. The use of CONFIDENTIAL INFORMATION as evidence at trial shall be subject to such order of the Court as may, at the time, be reasonably necessary to preserve the confidentiality of the material involved.

13. No part of the restrictions imposed by this Stipulated Protective Order may be terminated, except by written stipulation executed by counsel for each designating party, or by an order of this Court for good cause shown.  The final disposition of this action shall not relieve any person who has received material for which ultimately the designation CONFIDENTIAL

INFORMATION has not been removed from the obligations imposed by this Stipulated Protective Order.

14. Nothing in this Stipulated Protective Order shall prevent or restrict the persons subject to it from seeking at any time, by petition to the Court upon notice to all parties, to modify or remove the restrictions provided herein on the disclosure of specific CONFIDENTIAL INFORMATION.

15. In the event a party discovers that it has produced CONFIDENTIAL INFORMATION that has not been designated as CONFIDENTIAL, that party may, within fifteen (15) business days of the discovery of such production, designate the materials as CONFIDENTIAL by subsequent notice in writing specifically identifying the materials and furnishing the correct designation, in which event the parties shall henceforth treat such materials as CONFIDENTIAL in accordance with this Stipulated Protective Order, and shall use their best efforts to retrieve any disclosure, dissemination, or use of such materials that occurred prior to re-designation.  Any objections to designations made pursuant to this paragraph are governed by the procedures set forth in paragraph 9.

16. This Stipulation shall be without prejudice to the right of any party to oppose disclosure of any document or information for any reason other than confidentiality.  This Stipulation may be changed by further agreement of the parties or Order of the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

17. Nothing herein shall be deemed to waive any applicable privilege.  Further, nothing herein shall be construed as a waiver by a party or person of the right to object to the subject matter of any discovery request.  Moreover, neither the taking of nor the failure to take any

action to challenge any designation of confidentiality pursuant to this Stipulated Protective Order shall constitute a waiver of any rights, claims, defenses or privileges by any Party in this action or any other action, provided that such right is waived if the requested action is not taken with respect to a particular document or documents as provided in this Stipulated Protective Order.

18. This Protective Order shall not prohibit any party from disclosing CONFIDENTIAL material to any other court within the territory of the United States pursuant to a court order. In the event that a party has notice of proceedings that may lead to such a court order, that party shall promptly notify the designating party of the location and nature of those proceedings and of the CONFIDENTIAL INFORMATION potentially implicated, so that the designating party may intervene to prevent, or place conditions on, disclosure of the CONFIDENTIAL INFORMATION. In the event an order for production is issued, prior to such disclosure, the party required to disclose the CONFIDENTIAL INFORMATION will provide the designating party with prompt notice of the court order and will identify the information or documents affected by the court order.

19. The production of privileged or work-product protected documents, electronically stored information ("ESI"), or information, whether inadvertently or otherwise, is not a waiver of the privilege of protection from discovery in this case or in any other federal or state proceeding. This Stipulated Protective Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). Nothing contained in paragraph 19 is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

**STIPULATED TO and CONSENTED TO BY:**

By    /s/ Christopher M. Hohn
    **Christopher M. Hohn**
    Thompson Coburn LLP
    One U.S. Bank Plaza
    St. Louis, MO 63101
    Telephone: (314) 552-6000
    FAX: (314) 552-7000
    E-mail: chohn@thompsoncoburn.com

    **Attorney for The Western Sugar Cooperative**

By    /s/ Todd P. Walker    (*with consent*)
    **Todd P. Walker**
    **Rachael Dettmann Spiegel**
    Faegre Baker Daniels LLP
    1700 Lincoln Street, Suite 3200
    Denver, Colorado 80203
    Tel:    303-607-3500
    Fax:   303-607-3600
    Email:  Todd.Walker@FaegreBD.com
            Rachael.Spiegel@FaegreBD.com

    **Attorneys for Aventine Renewable Energy, Inc.**

Dated and entered at Denver, Colorado this 6th day of May, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

**ATTACHMENT A**

**CONFIDENTIALITY AGREEMENT**

I, _____, solemnly swear that I have been provided with the Stipulated Protective Order ("Order) entered in the matter *The Western Sugar Cooperative v. Aventine Renewable Energy, Inc.,* which is pending in the United States District Court for the District of Colorado as Civil Action No. 1:15-cv-00415-MEH (the "Lawsuit"). I understand that my execution of this Confidentiality Agreement is a prerequisite to my review of any information or documents marked "Confidential", indicating my agreement to comply with and be bound by the terms and conditions of the Order, unless and until modified by further order of the Court.

I will not disclose documents that are marked "Confidential" to any person, except as authorized by the Order, and I will not copy, use or disclose any information so designated, except for the purposes of the Lawsuit.

I hereby consent to the jurisdiction of the Court for the purposes of enforcing this Confidentiality Agreement.

By: _____

Name: _____

Title: _____

Date: _____